Titone, J.
(concurring). The court’s holding — that the 16-member quorum required by CPL 190.25 (1) and 210.35 (2) need not consist entirely of grand jurors who have heard all of the critical evidence — creates a serious potential for abuse of the Grand Jury system. While I cannot fault the majority’s writing, I am deeply troubled by the potential consequences of its holding. Accordingly, I write separately, both to explain my concerns and, hopefully, to prompt the Legislature to take a closer look at the manner in which the quorum rule has been construed.
Under CPL 190.25 (1) and 210.35 (2), a quorum of 16 Grand Jury members is required for the conduct of Grand Jury proceedings. The majority does not read these provisions as requiring that all 16 quorum members be present to hear all of the critical evidence, and, given the provisions’ judicial and legislative history, I cannot disagree. As is clear from the analyses in People v Brinkman (309 NY 974) and People v Saperstein (2 NY2d 210, cert denied 353 US 946), which were effectively incorporated when the Criminal Procedure Law was enacted, the statutory requirement that the grand jurors hear all of the essential evidence pertains only to the 12 who ultimately vote to indict or issue a report.
The problem is, of course, that the rule gives rise to a possibility that as many as four of the grand jurors whose presence is necessary for any official action will not have heard all of the evidence. Although the majority asserts that it is not reaching the question whether such grand jurors may *305 participate in deliberations (majority opn, at 305, n 2),[1] it is plain that a choice must be made. Either these grand jurors must sit by as mute, passive observers or they must be expected to speak.
I must assume that the Legislature did not intend the former, since that would render the requirement of a quorum of 16, rather than 12, meaningless.[2] It seems far more likely that some level of participation by all quorum members was contemplated. Such participation, however, could lead to undesirable consequences. Jurors who have not heard all of the evidence could well have a substantial influence on the decision to indict, issue a report or take any other official action.[3] At the very least, the result would be uninformed decision-making. Of even greater concern is the potential for manipulation. In the worst possible scenario, a "flying squad” of four especially persuasive grand jurors who heard only the most damaging evidence could influence the 12 jurors who, after having heard all the evidence, would not have returned an indictment but for the influence of those four.
In short, the existing scheme, in which a quorum of 16 is required regardless of whether all 16 may ultimately vote, is troublesome from a number of perspectives. Accordingly, *306 while existing law seems to lead inevitably to the majority’s conclusion, further legislative study, and perhaps even revision of the existing statutes, seems appropriate.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur with Judge Kaye; Judge Titone concurs in a separate opinion in which Judge Hancock, Jr., also concurs.
Order affirmed.

. The grand jurors in this case were told that only those who had heard all of the evidence could vote for an indictment, but they were not given a similar instruction with respect to participation in deliberations. Accordingly, it would appear that the issue is at least implicitly raised by this case.

. Although the majority suggests that "nondeliberating members of the quorum may well contribute to the Grand Jury’s traditional function of furnishing protection against malicious and unfounded prosecution, or being alert to 'fraud and improper practices’ ” (majority opn, at 303), it is difficult to see how these important functions could seriously be performed by individuals who have not been present during the taking of some of the critical evidence. Similarly, the addition of 4 grand jurors to the 12 necessary to issue an indictment will "increas[e] the probability that the requisite 12 jurors will be available to deliberate and vote” (id.) only if the additional 4 have, in fact, heard all of the evidence.

. It remains unclear whether the group of 12 grand jurors whose concurrence is required for other "official actions” (see, CPL 190.25 [1]; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.25, at 215), such as the issuance of subpoenas, must consist solely of those who have heard all of the evidence relevant to the particular action or may instead include one or more quorum members who have not been present at all critical times. In view of the complexity of that problem, its resolution is best left for another day. In any event, regardless of the ultimate resolution of that question, there remains the problem of grand jurors who have not heard all of the pertinent evidence participating in the discussions leading up to the final vote.